IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BANK EXPRESS INTERNATIONAL,   )<br>Plaintiff,   )<br>   )<br>v.   )<br>   )<br>KANG, BANKCARD SERVICES, et al.   )<br>Defendants   ) | CIVIL ACTION NO.: 02-CV- 4076 |

**DEFENDANTS' MOTION TO DISMISS AND STRIKE PLAINTIFF'S COMPLAINT**

All defendants in this action, through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b) (2) and 12(b)(3), move that plaintiff's complaint be dismissed and stricken, for lack of jurisdiction over the persons of defendants, and improper venue. Pursuant to Fed. R. Civ. P. 12(e), defendants move that plaintiff's complaint be stricken, and for a more definite statement with respect to defects in plaintiff's complaint.

All defendants object to the exercise of personal jurisdiction over them in this forum, and venue in this forum. Personal jurisdiction does not exist, and can not be exercised, over any of the defendants in this forum.

As set forth more fully in Defendants' Memorandum of Law in support of this motion, neither general jurisdiction nor specific jurisdiction exists with respect to any defendant in this forum. For example, plaintiff has not demonstrated "continuous and substantial" activity in Pennsylvania by any defendant. Plaintiff has likewise not demonstrated that the "focal point" of any of the acts or omissions plaintiff alleges by or on behalf of defendants was the Commonwealth of Pennsylvania.

In addition, venue is not proper in this forum for the claims plaintiff seeks to assert

1

against defendants.

As a result, all defendants move this Honorable Court to dismiss and strike plaintiff's complaint in this action. In the alternative, all defendants move this Honorable Court to transfer plaintiff's complaint, and this action, to the United States District Court for the Northern District of California, a forum where jurisdiction and venue are proper for plaintiff's complaint and this action.

In support of their motion, Defendants rely upon the pleadings that have been filed in this action, the exhibits attached to those pleadings, and Defendants' Memorandum of Law and exhibits thereto filed herewith and incorporated herein as though fully set forth herein.

    Respectfully submitted,
    The Law Firm David Oh, P.C.

    _____
    By:   David H. Oh, Esquire
           Stephen F. Brock, Esquire
           Attorneys for Defendants

Dated: July 3, 2002

## CERTIFICATE OF SERVICE

I, Stephen F. Brock, Esquire, hereby certify that on July 3, 2002 I served a copy of Defendants' Motion To Dismiss and Strike The Complaint in this action, together with Memorandum of Law, Exhibits thereto and proposed Order, by First Class Mail on the following:

>Douglas T. Gould, Esq.
>Pizonka, McGrory, Reilly & McGrory, P.C.
>144 E. Dekalb Pike
>King of Prussia, PA 19406

>_____
>Stephen F. Brock

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BANK EXPRESS INTERNATIONAL,  )<br>    Plaintiff,    )<br>           )<br>    v.      )<br>           )<br>KANG, BANKCARD SERVICES, et al.  )<br>    Defendants    ) | CIVIL ACTION NO.: 02-CV- 4076 |

### **ORDER**

**AND NOW**, this _____ day of _____ , 2002, upon consideration of Defendants' Motion To Dismiss Plaintiff's Complaint, and any Opposition thereto, it is hereby **ORDERED** that said motion is **GRANTED.** Plaintiff's complaint is hereby **DISMISSED AND STRICKEN.**

By the Court:

_____ ,J.