PIZONKA, McGRORY, REILLEY, BELLO & McGRORY, P.C.
BY: JOSEPH P. PIZONKA, ESQUIRE
ATTORNEY I.D. NO. 23866
144 East DeKalb Pike, Suite 300
King of Prussia, PA  19406
(610) 992-1300                                                                        ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| BANK EXPRESS INTERNATIONAL | : | CIVIL ACTION NO.: 02-CV-4076 |
| Plaintiff | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| KANG, BANKCARD SERVICES, et al. | : |  |
| Defendants | : |  |

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS AND STRIKE PLAINTIFF'S COMPLAINT

The Plaintiff, Bank Express International, Incorporated ("Bank Express"), by and through its attorneys, Pizonka, McGrory, Reilley, Bello & McGrory, P.C., hereby files this Response to Defendants' Motion to Dismiss and Strike Plaintiff's Complaint.  For all the reasons set forth herein Plaintiff requests this Court to deny Defendants' Motion to Dismiss and Strike Plaintiff's Complaint, or, in the alternative, grant discovery on the issue of Defendants' contacts with this forum.[1]

I.    **INTRODUCTION**

In the Complaint, which is incorporated herein, Bank Express alleges that Defendant, Credit Card Services, Incorporated, dba BankCard Services ("BCS") violated Pennsylvania law by intentionally inducing eleven (11) business owners to terminate their binding contracts with Bank Express.  Bank Express alleges BCS knowingly, intelligently and voluntarily used confidential information, which BCS improperly obtained from a former Bank Express employee, to unfairly

---

[1] No discovery has taken place and Defendants filed this Motion within several days after filing to remove this action, therefore, Plaintiff respectfully requests a period for discovery.

1

compete with Bank Express. BCS used the information gained from Plaintiff's former employee when it approached business owners legally contracted with Bank Express and induced them to breach their contracts with Bank Express. Bank Express contends that BCS knew that Bank Express was a Pennsylvania corporation and that BCS was knowingly, intelligently and willfully committing intentional, wrongful acts against a Pennsylvania corporation.

In its Motion, BCS now comes to this Court and asserts that requiring BCS to defend its intentional acts, within the forum state where their acts caused significant monetary damages, does not comport with fair play and substantial justice. Because, however, the facts as set forth in Plaintiff's Complaint are sufficient to establish the Court's jurisdiction over the defendants, the defendants' Motion should be denied. In the alternative, in accordance with the Third Circuit's directive in Renner v. Lanard Toys Limited, 33 F.3d 277 (1994), Bank Express requests the Court to order a period of discovery so that Bank Express may determine the full scope and nature of defendants' contacts with this forum.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

Bank Express initiated this matter by filing its complaint, with attached exhibits, in the Court of Common Pleas of Montgomery County, Pennsylvania, on May 23, 2002. Defendants removed this matter to this Court on June 27, 2002.

In Plaintiff's Complaint, Bank Express has averred that it is a Pennsylvania corporation authorized to operate pursuant to the laws of the Commonwealth of Pennsylvania and having a place of business located at 489 Shoemaker Road, Suite 110, King of Prussia, Pennsylvania 19406. Bank Express has also attached copies of its written contracts with some of the Owner Defendants.[2]

The other eleven (11) Defendants to this action are business owners in California who

---

[2] The omission of one (1) of the contracts does not render Bank Express's claims in viable, and in any event, the omission can easily be cured if this Court directs Bank Express to file an amended complaint.

2

knowingly and voluntarily entered commercial contracts with a Pennsylvania Corporation. These Owner Defendants, after inducement by BCS, knowingly, willfully and intentionally terminated binding contracts between themselves and Bank Express.[3] The Owner Defendants entered these contracts with Bank Express, whereby each Owner Defendant requested that Bank Express perform automated teller machine processing services ("processing services") for five (5) years. Bank Express performed all of its contractual obligations; the amounts of money charged by Bank Express were fair and reasonable prices for its processing services and Plaintiff's prices reflected the amounts the Owner Defendants agreed to pay Bank Express.

Each and every Owner Defendant was on notice that he/she/it was forming a contractual relationship with a Pennsylvania Corporation. Bank Express and the Owner Defendants utilized two (2) different drafts of contracts that are at issue in this litigation. The first contract draft begins **"WHEREAS, Bank Express International, Inc. (BEI), a Pennsylvania Corporation located at 489 Shoemaker Road Suite 110, King of Prussia, Pennsylvania 19406 is in the business of providing Automated Teller Machine [ ] processing services."** Paragraph eleven (11) of the first contract draft also states **"[t]his contract shall not be effective until accepted by BEI and signed by its duly authorized representative."** Paragraph twelve (12) of the first contract draft also states **"[t]his contract shall be governed by, construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania."** At least seven (7) of the Owner Defendants signed Plaintiff's contract containing this language.

The second draft of the contracts between Bank Express and the Owner Defendants identifies Plaintiff's original business address, in large font, across the bottom of the contract as **Cynwyd Road, Suite 100, Bala Cynwyd, Pa 19004."** Additionally, the Owner Defendant, Jung Soo Kim,

---

[3] For the purposes of this Response, Bank Express will refer to the Defendants, identified in Plaintiff's Complaint as "Defendants one (1) through (11)," collectively as the "Owner Defendants."

Trading as Danny's Market, signed the second contact draft which indicated that contract formation occurred within Montgomery County, Pennsylvania. At least three (3) of the Merchant Defendants signed the second draft of Plaintiff's contract. The Owner Defendants have no one but themselves, with the clear exception of BCS, to blame for having an action commenced against them by Bank Express in Pennsylvania.

Bank Express has also averred that:

A. BCS is in the business of providing ATM services to companies such as the Owner Defendants, and;

B. BCS hired a former employee of Bank Express, namely an individual known as Joone Johe ("Johe") and that at all times relevant hereto, Johe acted in his individual capacity as an officer, agent, authorized representative, servant and/or employee of BCS, and;

C. Prior to being employed by BCS, Johe was employed by Bank Express as a sales representative for its ATM services, and;

D. Pursuant to his employment with Bank Express, Johe was responsible for soliciting customers for Bank Express in the geographical areas wherein the Merchant Defendants are located, and;

E. During the term of his employment with Bank Express, Johe had access to Plaintiff's confidential information. Including, but not limited to, customer lists, sources of supply, employees, personnel policies, sales and services merchandising, business plans, and pricing/billing schedules, and;

F. All of the confidential information and items set forth above were, and should have been known by Johe, and later BCS, to be competitively sensitive information which Bank Express treated, and Johe, and later BCS, knew or should have known were given to Johe while Johe

was held by Bank Express in a position of confidence and trust by Plaintiff. Johe, and later BCS, knew, or should have known, that Johe was to treat, as confidential, proprietary information inasmuch as the disclosure of such information and items would operate to the detriment of Bank Express, and to the commercial advantage of Plaintiff's competitors, such as BCS, and;

G. During the term of Johe's employment with Bank Express, Johe was Plaintiff's representative in dealing with various of Plaintiff's customers, including the Owner Defendants, and;

H. Shortly after leaving Plaintiff's employ, Johe went to work with BCS, and;

I. At and around the time Johe left employ with Bank Express, Johe took for his future use and for the future use of BCS, without express or implied consent or permission of Bank Express, various confidential information and other assets belonging to Bank Express, including but not limited to confidential information concerning the Owner Defendants. This information included but was not limited to files, pricing information, literature and sales copies of orders directly connected to the Owner Defendants and that Johe provided and gave BCS such confidential information, and;

J. Johe and BCS used, and will continue to use, the confidential information belonging to Bank Express to their commercial and competitive advantage and to the commercial and competitive detriment of Bank Express, and;

K. Johe and BCS have made disparaging and untrue comments about Bank Express to several of Plaintiff's customers, including the Merchant Defendant's, for the sole purpose of

L. Sometime after leaving his employ with Bank Express, Johe, acting on his own behalf and on behalf of BCS, or other BCS representatives, approached one or more of Plaintiff's customers, in particular the Owner Defendants, for the purpose of inducing Plaintiff's customers to cancel and breach their contracts with Bank Express, and;

       M.      That subsequently, The Owner Defendants all left ATM servicing with Bank Express and went to servicing with BCS, and;

       N.      Bank Express has will continue to suffer irreparable harm if the actions of Johe and BCS are not enjoined, including but not limited to the loss of clients, profits, business reputation and market share, and the loss of confidential business information, and;

       O.      BCS, through its agents, authorized representatives, servants and/or employees has **willfully**, repeatedly and without justification made untrue comments to Plaintiff's clients and perspective clients for the sole purpose of causing injury to Plaintiff's business reputation and good will, and;

       P.      As a direct and proximate result of the aforesaid actions of BCS, Bank Express has suffered and will continue to suffer irreparable injury and harm is likely to continue unless enjoined, and;

       Q.      BCS on its own behalf has induced certain of Plaintiff's customers to breach their contracts with Bank Express and switch their ATM servicing from Plaintiff to BCS, and;

       R.      Said acts of BCS were and continue to be without privilege, are otherwise wrongful and tortuous, are in complete disregard of the rights of Bank Express and are **intended** only to benefit BCS, to the complete detriment of Bank Express, and;

       S.      Said wrongful acts will continue unless enjoined.

Bank Express also asserts monetary damages in the amount of Eighty Five Thousand Nine Hundred and Ninety Dollars ($85,990.00) and it is clear those damages have been imposed upon a Pennsylvania Corporation, in Pennsylvania, by the intentional acts of out of state Defendants.

All Defendants now come to this Court and assert that these proceedings cannot proceed in Pennsylvania because their intentional acts were not committed in Pennsylvania. All Defendants assert

these proceedings should be dismissed or that Bank Express should be forced to travel extensively to California to defend its contractual rights against all Defendants' wrongful and intentional acts. All Defendants also state that the Pennsylvania's long-arm statute, 42

grant Pennsylvania jurisdiction in this case. As set forth below, the applicable facts and law require denial of Defendants' Motion.

### III.   ARGUMENT

Section 5322(a)(4) of Pennsylvania's long-arm statute[4] provides that a tribunal in this Commonwealth may exercise personal jurisdiction to the maximum extent allowed under the Constitution, including over an entity that "cause[s] harm or tortuous injury in this Commonwealth by an


Contrary to Defendants' position, Bank Express has satisfied the standard set forth in Imo Indus., Inc. v. Kiekert, A.G., 155 F.3d 254, 260 (3d Cir. 1998) by asserting Defendants engaged in a pattern of conduct (i.e. interfering with and breaching eleven (11) Pennsylvania contracts) that Defendants knew would cause substantial harm in Pennsylvania. Indeed, Defendants ignore many Federal cases, in which a court conducted fact intensive inquiries and thereafter concluded that an out of state tortfeasor was subject to the personal jurisdiction of distant forums for conduct that did not occur in that forum. See Remick v. Manfredy, 238 f.3d 248 (3d Cir. 2001). Likewise, Defendants' venue argument fails since Bank Express has averred that contract formation occurred when the contracts were accepted in Pennsylvania and, therefore, a "substantial part of the alleged events or omissions

Pennsyvania.

In this action, Bank Express has initiated a cause of action against BCS for, 1) the intentional interference with Plaintiff's contractual relations, and 2) defamation/slander. Bank Express asserts and has pled all the elements necessary to support these causes of action. It is important to note that BCS is

accused of soliciting eleven (11) different business entities to breach their binding contracts with Plaintiff. BCS's conduct is not merely related to one entity with a contract with Plaintiff but to many. BCS undertook systematic, intentional and tortious steps to eviscerate eleven (11) binding contracts with Bank Express, a Pennsylvania corporation and the plain wording of Pennsylvania's long-arm statute specifically authorizes personal jurisdiction in such an instance. These allegations are sufficient for this Court to assume jurisdiction over all Defendants. See Remick supra.

The Owner Defendants maintain that their formation of commercial contracts with Plaintiff does not establish the necessary minimum contacts with Pennsylvania so as to confer personal jurisdiction over this controversy. The Owner Defendants clearly ignore Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1995) and See Remick supra. The Owner Defendants' acts, when viewed with those of BCS, demonstrate that all Defendants are subject to this Court's jurisdiction.

In the alternative, Bank Express requests a period of time within which to conduct discovery regarding Defendants' conduct in and directed towards Pennsylvania.

---

[4] 42 Pa.C.S.A. §5322(a)(4).