THE LAW FIRM DAVID OH, P.C.
BY: DAVID H. OH, ESQUIRE
ATTORNEY I.D. NO.: 44427           ATTORNEYS FOR DEFENDANTS
THE NORTH AMERICAN BUILDING
121 S. BROAD STREET, 14TH FLOOR
PHILADELPHIA, PA 19107
(215) 732-3244

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BANK EXPRESS INTERNATIONAL,   )
    Plaintiff,   )
       )
    v.   )   CIVIL ACTION NO.: 02-CV- 4076
       )
KANG; CREDIT CARD SERVICES, INC.,   )
    dba BANKCARD SERVICES, et al.,)
    Defendants.   )

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND STRIKE PLAINTIFF'S AMENDED COMPLAINT

**INTRODUCTION**

All defendants in this action, through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3), move for dismissal of this action for lack of jurisdiction over the persons of defendants and for improper venue.

Defendants filed a Motion to Dismiss and Strike Plaintiff's Complaint with this Court on July 3, 2002, in response to Plaintiff's Complaint, removed to this Court from the Montgomery County Court of Common Pleas on June 27, 2002. In the Memorandum of Law in Support of Defendants' Motion to Dismiss and Strike Plaintiff's Complaint, Defendants showed that, with reference to the Complaint personal jurisdiction does not exist with respect to any defendant in this action. Plaintiff's Complaint did not allege sufficient factual basis to assert either general or specific jurisdiction. Plaintiff filed a Memorandum in Opposition, but neglected to attach a

verification of new factual information asserted therein, some of which has been included in Plaintiff's Amended Complaint, which likewise lacks a verification.

Pursuant to F.R.C.P. 15(a), a responsive pleading must be filed within ten days of any amended pleading or within the time remaining for response to the original pleading. Defendants therefore file this Motion to Dismiss and Strike Plaintiff's Amended Complaint. In doing so, Defendants incorporate the July 3, 2002, Motion to Dismiss and Strike Plaintiff's Complaint and their Memorandum of Law in Support by reference. In the interest of brevity Defendants will refer to the legal arguments contained therein without reproducing them in full, and will limit this Memorandum to new matter presented in Plaintiff's Amended Complaint.

### FACTS

#### Plaintiff's Amended Complaint

1. Plaintiff filed its Amended Complaint in this matter, with attachments thereto, on August 26, 2002, and served Defendants by mail.

2. The Amended Complaint continues to acknowledge that all the defendants are California businesses.

3. The Amended Complaint alleges that Plaintiff is entitled to damages from each of the 'Merchant Defendants' for breach of alleged Automatic Teller Machine (ATM) procurement, servicing and monitoring contracts and for 'unjust enrichment' of the 'Merchant Defendants.' Amended Complaint ¶¶ 84 - 91.

4. The Amended Complaint also alleges that Defendant BCS tortiously acquired confidential information, and used that information to its own benefit and Plaintiff's detriment while interfering with and inducing the 'Merchant Defendants' to breach their contracts. The

Amended Complaint accuses Defendant BCS of disparaging Plaintiff's reputation. Plaintiff claims special damages for the alleged tortious acts of BCS. Amended Complaint ¶¶ 92 - 120.

5. However, the Amended Complaint still does not assert sufficient factual or legal basis for this Court to exercise personal jurisdiction over any defendant to this action. Further, the Amended Complaint has not shown this is a proper venue for this action and the Amended Complaint, like the original Complaint is deficient in its allegations, both factual and legal.

## ARGUMENT

### A. THIS ACTION MUST BE DISMISSED FOR LACK OF IN PERSONAM JURISDICTION OVER THE DEFENDANTS

None of the defendants are subject to personal jurisdiction in this forum. The grounds for this assertion by Defendants are more fully set forth in their first Motion to Dismiss and Strike Plaintiff's Complaint and the accompanying Memorandum of Law in Support.

Initially, Plaintiff has not shown that any defendant has the necessary 'minimum contacts' with this forum sufficient to bring them within the reach of Pennsylvania's long-arm statute, 42 Pa.C.S.A. §5301, et seq.

Next, Plaintiff has not met, and cannot meet, its burden of demonstrating the extent and nature of contacts by any of the *defendants* with this forum sufficient to subject any of them to either specific or general jurisdiction in this forum.

First, with respect to general jurisdiction, plaintiff has not demonstrated "continuous and substantial" contacts between any defendant and Pennsylvania. Plaintiff's only allegations of contact with Pennsylvania by the 'Merchant Defendants,' that they received sent correspondence to Plaintiff in this forum and that they received checks from this forum, are insufficient. Merely

3

doing business with a company, even on a continuing basis, is not sufficient under Imo Indus., Inc. v. Kiekert, A.G., 155 F.3d 254, 260 (3d Cir. 1998). Plaintiff's Amended Complaint actually supports the defendants' contention by alleging that the 'Merchant Defendants' all run restaurants or shops in California and failing to make any allegation that any of them ships, markets or contacts Pennsylvania for general business purposes. Plaintiff also asserts that Defendant BCS is a California company doing business in California but makes no assertion the BCS has ever done business in this forum. Thus, Plaintiff has no cognizable claim of general jurisdiction over any defendant.

Specific personal jurisdiction does not exist over any of the defendants in this forum. The defendants claim lack of specific jurisdiction because more than a showing 'minimum contacts' is necessary. The requirements set forth in Gallant v. Trustees of Columbia Univ. of New York, 111 F. Supp.2d 638 (E.D.Pa. 2000), aff'd (3d Cir. May 15, 2001) state:

> . . . a plaintiff may show that the court has specific jurisdiction because the particular cause of action arose from the *defendant's* forum-related activities. See Helicopteros, 466 U.S. at 414 . . . .
>
> When evaluating a corporation's ties to a forum, a court should look to *that party's* "purposeful and extensive availment" of the forum, id., and consider the degree to which the corporation's contacts are "central to the conduct of its business." Id. at 438; see also Molnlycke Health Care AB v. Dumex Med. Surgical Prods., Ltd., 64 F. Supp.2d 448, 450 (E.D.Pa. 1999)(same).

111 F.Supp.2d at 640-642 (emphasis added). Plaintiff's Amended Complaint does not allege that its cause of action arose from activities by any of the *defendants* within the Commonwealth of Pennsylvania. Plaintiff has shown the opposite by asserting that the 'Merchant Defendants' are all shops in California, and that *its agents*, specifically Johe "who was responsible for solicitations in the geographical area," approached the 'Merchant Defendants' offering to supply

4

ATM procurement and monitoring services. See Amended Complaint, ¶¶ 5, 6, 7, and 98. Logically, the defendants would have done business in exactly the same way whether Plaintiff's agents were from Pennsylvania, New York, or anywhere else. Plaintiff has made no assertion that these defendants *contacted Plaintiff* seeking such services. Plaintiff's allegations regarding submission of applications to Plaintiff, *implying* that the 'Merchant Defendants' sought out Plaintiff, all reference exhibits printed on Plaintiff's forms, suggesting contact by Plaintiff to dispense these forms prior to their submission. Thus, plaintiff's reliance on submission of those forms cannot show that the 'Merchant Defendants' initiated contact. Finally, there has been no claim by Plaintiff that the ATM services sought were "central to the conduct of the businesses to which they were sold. Defendant BCS is not accused of doing business in Pennsylvania either. Thus, Plaintiff has not shown that any of the defendants availed themselves of the privilege of doing business in Pennsylvania in this specific instance and none can be subject to specific personal jurisdiction on that basis.

Plaintiff mistakenly stresses its contention that the 'Merchant Defendants' were put on notice of Plaintiff's address, in an attempt to bolster its contention that signing agreements with and sending correspondence to a Pennsylvania company should be sufficient for this Court to exercise specific jurisdiction. However, this ignores a whole body of case law from <u>Asahi Metal Indus. Co., Ltd. v. Superior Ct. of California</u>, 480 U.S. 102 (1987) down to <u>Vetrotex CertanTeed Corp. v. Consol. Fiber Glass Prod. Co.</u>, 75 F.3d 147 (3d Cir. 1996) wherein the Court distinguished a case mirroring the present one from a case:

> where the defendant solicited the contract or initiated the business relationship leading up to the contract. Nor is this a case where the defendant sent any payments to the plaintiff in the forum state, or where the defendant engaged in extensive post-sale contacts with

5

the plaintiff in the forum state.

Remick v. Manfredy, 238 F.3d 248 (3rd Cir. 2001)(quoting Vetrotex at 152-53).  Thus, which party *initiated* contact is the first issue, after which the court visits other factors, such as location of services rendered or shipping of product to determine if a party has availed itself of doing business in a particular forum.  *Plaintiff* initiated the contact through his agents and provided services to the 'Merchant Defendants' in California.  No other events are presented creating greater contacts between the defendants and Pennsylvania.

Plaintiff attempts to obscure the issue by substituting the services it allegedly rendered "from its principal place of business" in Pennsylvania for the actual contractual services under the alleged agreements in order to show 'minimum contacts' with Pennsylvania.  Plaintiff argues that the contracts were performed, and intended to be performed in Pennsylvania because the services were rendered "from its offices" in Pennsylvania.[1]  However, the alleged agreements, appended to Plaintiff's Amended Complaint, directly contradict this point.  Those contracts and the Amended Complaint evidence that the contractual services contemplated include *procuring, servicing, and monitoring* ATM machines in the establishments *in California.*  According to the Amended Complaint, all the physical manifestations of the contractual services, including receipt of mailed checks and contracts by defendants, delivery and servicing of the machines, the actual transactions by customers of the machines, and solicitations and meetings with Plaintiff's agents, occurred in California.  Thus, Plaintiff has failed to show contacts with Pennsylvania by the

---

[1] Note also that the location of Plaintiff's servicing establishment should be irrelevant.  Plaintiff's claim taken to its logical conclusion leads to ridiculous results.  In such cases, if Plaintiff's service facility moved, so long as defendants were informed of the move and the new location, they would be subject to jurisdiction - wherever Plaintiff's business went.

'Merchant Defendants' sufficient to defeat the initiation of business by Plaintiff in California.

Finally, Plaintiff asserts that the contracts were not formed until they were executed in Pennsylvania by its officer, again giving rise to a claim of 'minimum contacts' or significant events having occurred in the forum. However, the contracts appended to Plaintiff's Amended Complaint clearly state that they shall not be *effective* until accepted by Plaintiff and duly signed by its authorized representative. They do not preclude formation of the contracts until signatures are affixed, nor do they require such execution in Pennsylvania. Plaintiff's agent approached the 'Merchant Defendants' with form contracts, in California, offering to supply ATM services. The 'Merchant Defendants' allegedly accepted the offers and signed the contracts allegedly governed by Pennsylvania law. At that point the alleged contracts were formed *in California*, though they were not yet effective. See Shovel Transfer and Storage v. PLCB, 559 Pa. 56 (1999), Franklin Interiors v. Wall of Fame Mngmt. Co., Inc., 511 A.2d 761 (Pa. 1986). The cited terms of the form contract delaying efficacy are merely conditions subsequent; the contract must be accepted by an authorized representative of Plaintiff prior to any enforceable performance obligations on Plainitff's part. This construction comports with another basic tenet, that contracts are construed as against the drafter in cases of ambiguity. See Central Transportation Inc. v. Board of Assessment Appeal of Cambria County, 417 A.2d 144 (Pa. 1980). Thus, Plaintiff's claim that the contracts were formed in Pennsylvania creating sufficient basis for specific jurisdiction must fail. In sum, Plaintiff has cannot show sufficient basis for specific personal jurisdiction over the 'Merchant Defendants.'

Plaintiff also attempts to assert specific jurisdiction over BCS by way of alleged tort

claims.[2] However, those claims are based on the action against the 'Merchant Defendants' and must fail accordingly. Since the alleged contracts were not based in Pennsylvania, then neither was the breach or the inducement to breach. Nor has defendant claimed other tortious behavior implicating Pennsylvania. Furthermore, specific jurisdiction based on tort allegations requires satisfaction of a three prong test:

> First, the defendant must have committed an intentional tort. Second, the plaintiff must have felt the brunt of the harm caused by that tort in the forum, such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of the tort. Third, the defendant must have expressly aimed his tortious conduct at the forum, such that the forum can be said to be the focal point of the tortious activity.

Imo Indus., Inc. v. Kiekert, A.G., 155 F.3d 254, 260 (3d Cir. 1998), accord Gallant, 111 F.Supp. 2d at 644. Plaintiff has not satisfied, and cannot satisfy, these requirements.

First, the Amended Complaint's 'intentional tort' claims include a 1) disparagement, 2) misuse of confidential information, 3) and interference with contract or inducement to breach. However, these claims are not backed by sufficiently asserted facts, specifically: 1) Plaintiff makes no assertion of what disparaging comments were made when, by whom and to whom, nor how such statements resulted in damage; 2) Plaintiff makes no assertion as to how documents allegedly taken were used, by whom, how Defendant BCS was put on notice of their confidentiality, or whether their confidential nature was based on any writing, employment contract or the like; 3) Plaintiff makes no allegation as to how Defendant BCS was responsible for the alleged breaches of contract, the actions of Johe, or why such conduct was less than privileged, especially where the Amended Complaint specifically states that Defendant BCS was a business competitor.

---

[2] Plaintiff does not even allege any tort claims against the Merchant Defendants.

Second, even if Plaintiff's Amended Complaint is deemed to have alleged "intentional torts" against Defendant BCS, Plaintiff has not demonstrated that Plaintiff felt the brunt of the harms allegedly caused by those tort in this forum rather than in its California market. Under Calder v. Jones, 465 U.S. 783 (1984) and its line of cases, culminating in Imo at 264, the brunt of the contracts formed and affecting a resident company's business outside the forum are not necessarily felt at the company's in-forum principal place of business. The brunt of any of the alleged torts in this case was felt in California, failing this requirement of the Imo test for specific jurisdiction based on tort claims.

Finally, the acts or omissions of Defendant BCS, which Plaintiff seeks to challenge, took place in California. Plaintiff cannot realistically claim that the "focal point" of those claimed acts and omissions was Pennsylvania. See Gallant, 111 F.Supp.2d at 644; Harris v. Trans Union, Civ. No. 01-5204 (E.D. Pa. Mar. 22, 2002) (dismissing "interference with contractual relations" complaint against TXU Electric & Gas dismissed for lack of personal jurisdiction, where plaintiff did not establish that TXU had "expressly aimed [its] tortious activity" at Pennsylvania so that Pennsylvania was "the focal point of the [alleged] tortious activity"). Aiming the torts at the Plaintiff is not a sufficient allegation under the 'focal point' test. The intentional tort must be aimed at Pennsylvania. The Amended Complaint shows that the services provided by both Defendant BCS and Plaintiff were provided in California, and that if Defendant BCS committed intentional torts, they were aimed at California, and the Plaintiff's share of the California ATM market. The 'focal point' of the alleged torts was in California, specifically in the named establishments in California. Plaintiff has thus failed to allege sufficient facts to satisfy all three elements of the Imo test necessary to subject Defendant BCS to specific jurisdiction for tort

claims in Pennsylvania.

Accordingly, neither general nor specific personal jurisdiction exists over any of the defendants in this forum. As a result, Plaintiff's Amended Complaint must be dismissed.

### B. THIS ACTION SHOULD BE DISMISSED DUE TO IMPROPER VENUE; IN THE ALTERNATIVE, THIS ACTION SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA

This matter should be dismissed, or transferred to the Northern District of California, based on improper venue, pursuant to 28 U.S.C. §1406 and 28 U.S.C. §1631. The grounds for this Motion are discussed fully in Defendants' original Motion to Dismiss and Strike Plaintiff's Complaint, filed on July 3, 2002, which is incorporated herein by reference.

The Amended Complaint does not allege sufficient new material to defeat the improper venue claim, and in fact adds further support to Defendants' position. Venue is improper in the Eastern District of Pennsylvania because no Defendant resides in this forum; they all reside in California, which provides sufficient venues in which this action could have been filed.

Further, Plaintiff's Amended Complaint presents insufficient factual allegations for a finding that substantial events giving rise to the suit occurred in this jurisdiction as required by 28 U.S.C. §1391(a)(2). Specifically, as discussed above, the Amended Complaint indicates that the alleged contracts upon which this action is founded, were solicited, executed and formed in California between Plaintiff's agents and the 'Merchant Defendants.' Though they may have been conditioned on subsequent confirmation in Plaintiff's Pennsylvania headquarters, as asserted by Plaintiff, the subsequent condition affected only the Plaintiff's duty to perform, not the location or time of agreement. See Shovel Transfer and Storage v. PLCB, 559 Pa. 56 (1999). Further, though some of Plaintiff's duties were carried out "from" Pennsylvania, they could have

been accomplished anywhere, the Amended Complaint shows that the physical manifestations of those activities all took place in California. The Amended Complaint indicates that any alleged breaches took place in California. Likewise, Plaintiff's tort allegations indicate that the conduct took place California. Finally, the economic benefits and harms asserted in this suit affect California as would any remedies. Thus, Plaintiff's factual allegations do not support venue based on substantial events giving rise to the cause of action.

In sum, Plaintiff has not asserted that substantial events giving rise to the suit occurred in Pennsylvania or that any defendant is subject to jurisdiction in this forum. Therefore, Defendants requests that the Court dismiss the action or transfer it to a proper venue, the Northern District of California.

### C.     MOTION FOR MORE DEFINITE STATEMENT

Plaintiff's Amended Complaint is vague and ambiguous such that Defendants cannot reasonably frame a responsive pleading in a number of respects. The deficiencies in plaintiff's Complaint have not been rectified in the Amended filing.

1.  In violation of Eastern District of Pennsylvania Rule 5.1.1, Plaintiff's Amended Complaint fails to plead or allege a jurisdictional amount in controversy with respect to asserted claims against Defendant BCS, including but not limited to the amounts Plaintiff demands in compensatory damages, punitive damages, attorney fees or other amounts.

2.  Count I of Plaintiff's Amended Complaint fails to plead or allege the basis for the amounts in controversy claimed of the 'Merchant Defendants' with sufficient specificity, simply calling for a monetary award with no factual basis. See Amended Complaint ¶ 86.

3.  Count II of Plaintiff's Amended Complaint fails to plead or allege the basis for the

claiming unjust enrichment on the part of the 'Merchant Defendants' since the ATM services have allegedly been taken over by others and are no longer being supplied by Plaintiff.

4.    Count V of Plaintiff's Amended Complaint fails to plead or allege the relief implied by ¶¶ 114 and 115, then sets forth claims for legal relief without specifying a basis for the claimed relief.

5.    Plaintiff's Amended Complaint does not plead or allege any factual or legal basis for the claim that the purported contracts attached to Amended Complaint were executed in the Commonwealth of Pennsylvania; rather, as outlined above, the Amended Complaint supports the opposite conclusion, that each 'Merchant Defendant' executed an alleged agreement in California conditioned on the subsequent acceptance or approval of Plaintiff's headquarters, wherever they were located; and that Plaintiff offered the alleged contracts, and entered into said agreements, through its agent in California. See Amended Complaint ¶ 98.

6.    Plaintiff's Complaint does not plead whether Counts III, IV, V and VI of the Amended Complaint, purporting to assert claims against defendant BCS, are based on any writings. Plaintiff's Amended Complaint neither alleges nor attaches any such writings.

7.    Plaintiff's Complaint does not plead whether Count IV of the Amended Complaint, purporting to assert claims against defendant BCS, is based on any writings or statements or reports from individual witnesses. Plaintiff's Amended Complaint neither alleges nor attaches any such writings or statements or reports.

8.    Plaintiff's Amended Complaint fails to allege whether Counts III and V, claiming breach of purported obligations by BCS with respect to claimed "confidential information," are based on any agreements between Mr. Johe and Plaintiff, whether oral or written, or indeed

whether the allegations contained in Counts III and V are based on any writings whatsoever. Plaintiff's Amended Complaint neither alleges nor attaches any such writings.

9. Plaintiff's Amended Complaint does not state or specify whether Plaintiff alleges any liability between or among any separate defendants is alleged to be joint liability as opposed to several liability.

10. Plaintiff's Amended Complaint does not state, set forth or allege with adequate or sufficient specificity the factual and legal grounds for its claims for injunctive relief against Defendant BCS, including Plaintiff's claims for such relief in Counts III, IV and VI of Plaintiff's Amended Complaint. By way of example, and without limitation, Plaintiff does not state, set forth or allege with sufficient specificity (a) the facts, reasons and legal basis that any remedy at law is allegedly inadequate, or (b) the facts, reasons and legal basis for any claim of irreparable harm.

11. Plaintiff's Amended Complaint, with respect to punitive damages, including Plaintiff's allegations with respect thereto in Counts IV, V and VI, does not state or set forth Plaintiff's factual and legal basis for its demands for punitive damages with sufficient specificity.

12. Plaintiff's Amended Complaint with respect to attorneys' fees against Defendant BCS, including Plaintiff's allegations with respect thereto in Counts IV, V and VI, does not set forth Plaintiff's factual and legal basis for its demands with sufficient specificity.

Accordingly, Plaintiff's Amended Complaint should be stricken pursuant to F.R.C.P. 12(f) or the Plaintiff should be ordered to file another Amended Complaint addressing these defects pursuant to F.R.C.P. 12(e).

**CONCLUSION**

For all of the foregoing reasons, this action should be dismissed and Plaintiff's Amended Complaint should be stricken. In the alternative, Plaintiff's Amended Complaint, and this action, should be transferred to the District Court for the Northern District of California.

                                            Respectfully submitted,
                                            The Law Firm David Oh, P.C.

                                            _____
                                            By:   David H. Oh, Esquire
                                                      Attorneys for Defendants

Dated: September 9, 2002