```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| BANK EXPRESS INTERNATIONAL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KANG, d/b/a BANKCARD SERVICE, | : | |
| et al. | : | NO. 02-4076 |

ORDER

AND NOW, this 6th day of December, 2002, upon consideration of defendants' motion to dismiss the amended complaint, plaintiff's response, and the Court finding that:

(a) Defendants assert that they are not subject to the personal jurisdiction of this Court;

(b) Plaintiff therefore bears the burden of producing sufficient facts to establish that jurisdiction is proper, and it "must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence," Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66-67 n.9 (3d Cir. 1984)[1];

---

1. Plaintiff has noted that all of the allegations in the amended complaint must be deemed true for purposes of deciding the motion to dismiss. Pl.'s Mem. at 3 n.1. Nevertheless, our Court of Appeals has made it clear that "at no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." Time Share, 735 F.2d at 66-67 n.9.

   The plaintiff may meet its burden by presenting facts through affidavit, deposition, or in an evidentiary proceeding. Zubyk v. LPBOC Hotel Ltd., No. 00-971, 2000 WL 963168, at *1 (E.D. Pa. June 27, 2000) (Padova, J.). If the court chooses not to hold an evidentiary hearing, the plaintiff need only present a prima facie case to withstand the motion to dismiss, but it must then establish jurisdiction by a preponderance of the evidence at trial. Id. If the court requires proof through affidavit, the
   (continued...)